**SIGNED this 06th day of October, 2008.**

_Craig A. Gargotta_
_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JOHN R. ASTON AND | § | CASE NO. 07-11655-CAG |
| LAURIE A. ASTON, | § | |
|     Debtors. | § | Chapter 13 |
| | § | |
| DEBORAH LANGEHENNIG, TRUSTEE, | § | |
| JOHN R. ASTON, AND | § | |
| LAURIE A. ASTON, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 07-1097 |
| | § | |
| ARGENT MORTGAGE COMPANY LLC, | § | |
|     Defendant. | § | |

### ORDER DENYING ARGENT MORTGAGE COMPANY'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR BASED ON JUDICIAL ESTOPPEL; AND IN THE ALTERNATIVE, MOTION TO DISMISS FOR LACK OF STANDING

Before the Court is Defendant Argent Mortgage Company's Motion to Dismiss for Lack of

Subject Matter Jurisdiction And/Or Based on Judicial Estoppel; and in the Alternative, Motion to

1

Dismiss for Lack of Standing filed May 27, 2008 (Doc. # 33).  Plaintiffs Deborah Langehennig, Trustee, John R. Aston, and Laurie A. Aston filed a response on June 16, 2008 (Doc. #38), to which Defendant filed a reply on June 20, 2008 (Doc. # 39).  On June 25, 2008, the Court held a hearing on this matter.  Attorneys for Plaintiffs and Defendant appeared.

At the hearing, the Court discussed the motion to dismiss being filed so late in the lawsuit prosecution process: it was filed after the April 7, 2008 deadline to file dispositive motions, after another dispositive motion was filed and ruled upon after a hearing, and after the transfer of the underlying mortgage claim to another creditor as lienholder, documentation of which was filed in the bankruptcy case on January 28, 2008, and which provided notice of a possible change or addition of potential mortgage defendants.  Additionally, Defendant's grounds for dismissal, lack of subject matter jurisdiction, judicial estoppel, and lack of proper parties, did not recently arise.  In the pleadings, the parties did a certain amount of "finger pointing" and asserting bad faith exists by the requesting dismissal so late on these grounds. The Court will not comment on the parties's allegations of bad faith because it became apparent at the hearing that both sides had failed to understand each other's position and had failed to ascertain facts affecting their case.  Under applicable law, Defendant can raise the lack of subject matter jurisdiction at this point in the proceeding.  By cancelling the trial date of June 11, 2008, the Court suspended the litigation to allow consideration of the motion to dismiss on the merits.

Although Defendant does not cite to a rule, its motion to dismiss is brought under Bankruptcy Rule 7012, which incorporates Federal Rule of Civil Procedure 12(b) - (h).  Defendant's motion specifically presents a challenge to jurisdiction which is based upon Rule 12(b)(1) and 28 U.S.C. § 157(c).  For the reasons stated below, the Court determines that the motion to dismiss will be denied.

Review of a Motion Asserting Lack of Subject Matter Jurisdiction

"A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) 'when the court lacks the statutory or constitutional power to adjudicate the case.'" ***Melgarejo v. 24 Hour Professional Janitorial Services, LP,*** Civil Action No. 3:07-CV-1847-B, 2008 WL 958203, at * 2 (N. D. Tex. Apr. 8, 2008) (quoting **Home Builders Ass'n of Miss., Inc. v. City of**

*Madison*, 143 F.3d 1006, 1010 (5th Cir.1998)). "Rule 12(b)(1) of the Federal Rules of Civil Procedure provide a method by which a party may challenge the subject matter jurisdiction of the district court to hear a case." *In re Katrina Canal Breaches Consolidated Litigation*, Civil Action No. 05-4182, 2007 WL 4219351, at *3 (E.D. La. Nov. 27, 2007). "The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction." *Id*. (citing *Ramming v. United States*, 281 F.3d 158 (5th Cir.2001)); *Melgarejo,* 2008 WL 958203, at *2 (same). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Katrina Beaches*, 2007 WL 4219351, at *3 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977)). "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice because a dismissal based on a lack of subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursing a claim in a court that does have jurisdiction." *Id.* "The Fifth Circuit recognizes a distinction between a 'facial' attack to subject matter jurisdiction, which is based solely on the pleadings, and a 'factual' attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material." *Melgarejo*, 2008 WL 958203, at * 2 (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981)).

Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss based solely on the pleadings, the motion is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992); *United States v. City of New Orleans*, No. Civ. A. 02-3618, 2003 WL 22208578 (E.D. La. Sept.19, 2003); *Johnson v. Hous. Auth. of Jefferson Parish*, 442 F.3d 356, 359 (5th Cir.2006); *Melgarejo,* 2008 WL 958203, at *2; *In re Katrina Canal Breaches*, 2007 WL 4219351, at *3 (E.D. La. 2007) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998)). Rule 12(b)(6) of the Federal Rule of Civil Procedure provides that in response "to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim" the pleader may raise by motion the defense of "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of plaintiff, and all facts pleaded in the original

complaint must be taken as true. ***Campbell v. Wells Fargo Bank, N.A.***, 781 F.2d 440, 442 (5th Cir.1980).  Until recently, federal district courts did not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957); ***Blackburn v. Marshall***, 42 F.3d 925, 931 (5th Cir.1995).  However, in ***Bell Atlantic Corp. v. Twombly***,127 S. Ct. 1955, 1969 (2007), "[t]he Supreme Court has recently abrogated the often cited 'no set of facts' language in ***Conley*** commenting that the case has been frequently mischaracterized as setting forth a minimum pleading standard when it was simply 'describ[ing] the breadth of opportunity to prove what an adequate complaint claims.'" ***In re Katrina Canal Breaches***, 2007 WL 4219351, at *3 n.1 (quoting ***Twombly***, 127 S. Ct. at 1968).

Now,  "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face'" in order to survive a Rule 12(b)(6) motion to dismiss. ***Id.*** at *3 (quoting ***Twombly***, 127 S.Ct. at 1974).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." ***Twombly***, 127 S. Ct. at 1964-1965 (internal citations omitted).  "Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss." ***Green v. Wolters Kluwer U.S. Corp.***, Civil Action No. 08-1065, 2008 WL 2355848, at *1 (E.D. La. June 6, 2008) (citing ***Fernandez-Montes v. Allied Pilots Ass'n***, 987 F.2d 278, 284 (5th Cir.1993)); ***Twombly***, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").  "A court's ultimate conclusion that a case should be dismissed may rest 'on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" ***Green***, 2008 WL 2355848, at *1 (quoting ***Barrera-Montenegro v. United States***, 74 F.3d 657, 659 (5th Cir.1996) (citations omitted)).


Defendant's Motion to Dismiss

By its motion, Defendant asks the Court to dismiss all of Plaintiffs' causes of action.  First,

Defendant asserts this Court lacks subject matter jurisdiction because the proceeding is not a "core" or "related to" proceeding as required for jurisdiction under 28 U.S.C. § 1334. Second, Defendant asserts Plaintiffs are judicially estopped from bringing their home equity loan cause of action because the claim against Defendant was not listed in Plaintiffs' schedules as an asset of the estate. Additionally, even if jurisdiction existed and judicial estoppel does not apply, Defendant asserts that Plaintiffs seek relief against a party not before the Court because they have only sued Defendant as the originating lender and have not sued the current owner and holder of the note and lien.

Defendants recite the following facts as background. Plaintiffs filed a chapter 13 bankruptcy case on September 3, 2007. With their bankruptcy petition, they filed Schedule A listing as their only piece of real property the property located at 136 Champion Circle, Wimberley, Texas 78676. They claimed this property as exempt under 11 U.S.C. § 522(d)(1) on Schedule C, and because no objection to the exemption was made within the required thirty-day time period following the conclusion of the meeting of creditors, the property became exempt on or about December 17, 2007 and no longer property of the estate (the "Homestead"). This adversary proceeding was filed September 13, 2007.

Plaintiffs seek to have Defendant's lien on their homestead property declared void due to Defendant's alleged violations of the Texas home equity statute. Defendant argues that the outcome of this suit can have no bearing on the administration of the bankruptcy estate because it is a suit based upon state law to remove a lien on exempt property, and the validity of a lien under the Texas Constitution does not invoke a substantive right under the Bankruptcy Code. Further, it asserts that it, Defendant, has no interest in the lien being attacked. Thus, Defendant asserts this Court does not have jurisdiction to try the claim asserted because the claim does not fall within either category of "core" or "related to" proceedings, as those terms are defined.

Defendant asserts the claim alleged is not a "core" action under 28 U.S.C. § 157(b)(2)(K), the statute by which a bankruptcy court can determine the validity, extent, or priority of the lien, because the underlying property was allowed as exempt property and is no longer property of the estate. Defendant cites various court decisions which support its assertion that the subject cause of action is not a core proceeding, citing ***Wesche v. United States (In re Wesche)***, 178 B.R. 542, 543 (Bankr. M.D. Fla. 1995) (determining bankruptcy court was without jurisdiction as to issue of

5

parties' rights in exempt property) and ***Poole v. Money Mortgage Corp. of America (In re Hofmann)***, 248 B.R. 79, 82 (Bankr. W.D. Tex. 2000) (Jurisdictional test "focuses not on who is bringing the lawsuit but what the lawsuit is about.").

Defendant asserts the claim does not present a "related to" matter because the lien at issue attaches to exempt property, i.e., property that is no longer part of the bankruptcy estate. It asserts that a matter is a "related to" proceeding "to the extent that the debtors' interest in [property was] property of the estate," quoting ***In re Wood***, 825 F.2d 90, 93-94 (5th Cir. 1987), and "[i]f the proceeding does not affect the amount of property of the estate or debtor's exemptions it is not a related proceeding," quoting ***In re Wesche***, 178 B.R. at 543. Defendant cites a decision from the Western District of Texas which found no "related to" jurisdiction when the only connection between the bankruptcy case and the lawsuit attacking the validity of a lien on a homestead was the trustee's partial ownership of the action, citing ***Poole***, 248 B.R. at 85-86. Therefore, Defendant claims, this Court has no jurisdiction to decide the validity of a lien on exempt property.

Plaintiffs argue the opposite, that the ***In re Woods*** case supports this Court's jurisdiction. They assert as support the Fifth Circuit's statement that a bankruptcy court has jurisdiction if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy," citing ***In re Wood***, 825 F.2d at 93 (emphasis in original). Plaintiffs argue that the amount they must pay every month on their mortgage and any arrearage owed, plus whether the Trustee is entitled to recover funds for the estate by this suit, all conceivably effect the estate being administered.

In its reply, Defendant asserts Plaintiffs's argument that jurisdiction exists assumes they will receive a favorable ruling from this suit such that damages will flow both to Plaintiff Trustee to administer for the estate and to Plaintiff Debtors.

<u>Bankruptcy Jurisdiction</u>

Title 28, § 1334(a) provides the broad grant of jurisdiction for cases under title 11 to district courts, being "'the bankruptcy petition itself, over which district courts (and their bankruptcy units) have original and exclusive jurisdiction.'" ***Simmons v. Johnson, Curney & Fields, P.C. (In re Simmons)***, 205 B.R. 834, 838 (Bankr. W.D. Tex. 1997) (quoting ***Wood v. Wood (In re Wood)***, 825

F.2d 90, 92 (5th Cir. 1987) and citing 28 U.S.C. § 1334(a)). Title 28, Section 1334(b) sets jurisdiction for all of the various sorts of issues that arise during the prosecution of a bankruptcy case. It provides, in pertinent part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The term "arising under title 11" refers to those causes of action which are created by the Bankruptcy Code (title 11), in that the proceeding is based on a section of title 11; the term "arising in" refers to a residual category of civil proceedings occurring in bankruptcy cases, such as administrative matters; and the term "related to" refers to those causes of action which somehow affect the bankruptcy estate. 1 **Collier on Bankruptcy** ¶¶ 3.01[4][c][iii] to [vi], at 3-18 to 3-28 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. 2008). Matters "arising under" title 11 include claims based on a provision of title 11, such as actions to recover fraudulent conveyances and prepetition transfers. *In re Simmons*, 205 B.R. at 839 & n.8. Matters "arising in" would be claims not based on a provision of title 11 but which could not exist without a bankruptcy having been filed, such as issues arising over distribution of estate assets or arising over legal representation of the estate. *Id.* at 839-41. Matters "arising under" or "arising in" title 11 are called "core" matters, while matters "related to cases under title 11" are called "non-core" matters. *Id.*

Related matters include those causes of action which, had no bankruptcy petition been filed, could have been brought in state or federal court and whose outcome could conceivably have an effect on the bankruptcy estate. *Id.* at 839 & n.8. These are actions that are owned by the debtor and that became property of the estate, such as an action on a prepetition contract, or suits between third parties which, in the absence of the bankruptcy filing, could have been brought in federal district court or state court, such as a suit by the beneficiary of a supersedeas bond against the bonding company, suits by creditors against guarantors, and a suit by creditors of the debtor against defendants that allegedly perpetrated a fraud. 1 **Collier on Bankruptcy** at ¶ 3.01[4][c][ii], at 3-21 to 3-26. "Congress did not delineate the scope of 'related to' jurisdiction, but its choice of words suggests a grant of some breadth." *Celotex Corp. v. Edwards*, 115 S. Ct. 1493, 1498-99 (1995). That court noted that "[p]roceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Id.* at 1498-99 n.5 (citing 1 **Collier on**

7

*Bankruptcy* ¶ 3.01[1][c][iv], at 3-28). The Supreme Court noted that the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits have adopted the same test, with little variation, for determining whether an action falls within the "related to" jurisdiction of the bankruptcy court. *Id.* This test, set forth in ***Pacor v. Higgins***, 743 F.2d 984, 994 (3d Cir. 1984), was adopted by the Fifth Circuit in ***In re Wood,*** 825 F.2d 90, 92 (5th Cir. 1987) -- the *Wood* court stated:

> For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings "arising under", "arising in a case under", or "or related to a cases under", title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary to only determine whether a matter is at least "related to" the bankruptcy. The Act does not define "related" matters. Courts have articulated various definitions of "related", but the definition of the Court of Appeals for the Third Circuit appears to have the most support: "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." This definition comports with the legislative history of the statutory predecessor to section 1334. Neither ***Marathon*** nor general concerns of comity counsel against its use. We adopt it as our own.

*In re Wood*, 825 F.2d at 93; *see also **Bank of Lafayette v. Baudoin (In re Baudoin)***, 981 F.2d 736, 740 (5th Cir. 1993) ("[T]he wide reach of jurisdiction under title 11 was recognized in ***Matter of Wood***.").

The ***Wood*** court faced a dispute between the directors/shareholders of a medical clinic in which one shareholder/director (a non-debtor) sued three other shareholders/directors for their actions in wrongfully issuing additional stock to the debtors, allowing the debtors to receive a disproportionate distribution from the clinic. Depending upon its outcome, the Fifth Circuit "[a]cknowledge[d] the possibility that this suit may ultimately have no effect on the bankruptcy, [however] we cannot conclude that, on the facts before us, that it will have no conceivable effect." *Id.* at 94. That court also determined that the claims against Barham, the non-debtor shareholder/director, were related. *Id.*

Here, Defendant asserts that this is not a "core" matter because the determination of the lien at issue is a lien on exempt property. Defendant premises its argument almost exclusively on ***Poole v. Money Mortgage Corp. of America (In re Hofmann)***, 248 B.R. 79 (Bankr. W.D. Tex. 2000), when, in a chapter 7 case, Bankruptcy Judge Clark indicated that a proceeding should not be classified as core solely because the validity of a lien was at issue, despite the fact that such

determinations are often core as defined by 28 U.S.C. § 157(b)(2)(K).  In *Hofmann*, the bankruptcy case was reopened on motion of the next-friend of the debtor, the debtor being mentally incompetent, after the mortgage company defendant raised the issue (in the state court case filed postpetition by the debtor to challenge the validity of the lien on homestead) that the cause of action asserted against it in state court might not belong to the debtor plaintiff but to the chapter 7 trustee.  *Id.* at 80.  The subsequent removal of the suit to federal court by the mortgage defendant halted action in the state court, cancelled the quick preferential jury trial setting, and interrupted discovery.  *Id.*  To preserve these benefits, the debtor plaintiff filed a motion to remand, alleging among other grounds, a lack of subject matter jurisdiction in the bankruptcy court.  *Id.*  Determining that its jurisdiction was "questionable" and ultimately deciding it did not have jurisdiction,[1] the court was swayed by the fact that, although the "broad brush" of the language of 28 U.S.C. 157(b)(2)(K) would bring the lien challenge within the parameters of a core proceeding, in the specific situation presented, there was no particular reason for the bankruptcy court to try the matter, e.g., there was no "need to resolve lien status in order to distribute estate assets, or to resolve lien dispute issues on exempt property in chapter 13 cases in order to develop a viable plan."  *Id.* at 84-85.  The court stated that the debtor's "action here was initiated at the tail end of a chapter 7 case, with respect to exempt property that had already left the bankruptcy estate . . . [and] . . . seeks to apply state law principles in order to invoke a state law remedy."  *Id.* at 85.

Another bankruptcy court in Texas reached an opposite decision in a chapter 7 case, determining that it had jurisdiction over a homestead lien challenge involving exempt property as a core proceeding.  ***Hallmark Capital Group, LLC v. Pickett, et. al (In re Pickett)***, 362 B.R. 794 (Bankr. S.D. Tex. 2007).  The ***Pickett*** court determined that the language of 28 U.S.C. §157(b)(2)(K) allowed it to adjudicate "liens on property not just of the bankruptcy estate but also on property of the debtor."  *Id.* at 797.  The court determined it had this authority because "28 U.S.C. § 157(b)(2)(K) is silent as to any limitation on either property of the estate or of the debtor."  *Id.* at 797.  The ***Pickett*** court noted that the ***Hofmann*** court had found the opposite– that it did not have subject matter jurisdiction to try its homestead lien issue--but that the ***Hofmann*** court's decision was

---

[1] The court also found that the notice of removal was untimely filed. *Id.* at 86.

made "without explicitly adopting a position on § 157(b)(2)(K)." *Id.* at 797 & n.1. Even though it determined it had jurisdiction to try the claim, given the specifics of the homestead lien challenge, the *Pickett* court permissively abstained from trying the matter, primarily because the debtor had received a discharge and the estate no longer existed, and exempt property and state law issues were involved. *Id.* at 798. The *Pickett* court noted that by abstaining, it reached a similar result as the court in *Hofmann*, namely to not try the matter, but that it reached this result by a different approach. *Id.* at 797, 799.

Here, a review of the complaint supplemented by undisputed facts evidenced in the record shows the following factors. This case is a chapter 13 in which the Plaintiffs have not, nor will not for a period of time, receive a discharge. Plaintiff Trustee is an active plaintiff seeking her own recovery of damages for the estate, not merely a spectator sitting on the sidelines and "happy to distribute any recovery for the benefit of creditors" as the trustee was described in *Hofmann*. *See Hofmann*, 248 B.R. at 85. Additionally, the outcome of this adversary proceeding could directly affect the administration of this bankruptcy case, not only through any recovery from Defendant to be disbursed to unsecured creditors but should there be a judgment against the lienholder, the lien could be declared invalid and Plaintiffs be relieved from paying the debt on the Homestead, thereby freeing more monthly disposable income to be paid via plan payments to creditors.[2] Additionally, Plaintiffs did not exempt their cause of action against Defendant, they exempted the asset which is burdened by the subject lien. "Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition." *Kane v. Nat'l Union Fire Insur. Co.,* 535 F3d. 380, 385 (5th Cir. 2008). Further, this adversary proceeding presents a lien challenge on property of the debtor, a situation found to be a core matter in *Pickett*. The claim at issue presents a core matter under 28 U.S.C. § 157(2)(K), and this Court can enter a final judgment as allowed by 28 U.S.C. § 157(b)(1).

Second, citing *Hofmann*, Defendant Argent argues this matter is not related to because it involves an exempt piece of property and the claim does not affect property of the estate or

---

[2] This will require there to be a joinder of the current lienholder to this suit.

10

Plaintiffs' exemptions. Under *Wood*, the claim could, at a minimum, present related to jurisdiction because, at this point in the suit, it is possible that the outcome of this adversary proceeding could conceivably have some effect on Plaintiffs' bankruptcy estate. Therefore, if the claim is later shown to not be a core matter, the claim at least presents a related to matter. This potential change in classification means this Court can hear the proceeding but the manner in which the suit is concluded differs. As a related matter, because the parties to this adversary proceeding have not consented to the entry of final orders or judgment by the Bankruptcy Court as is required by Bankruptcy Rule 7012(b), this Court would enter findings of fact and conclusions of law to the district court for that court to then enter a final order or judgment "after reviewing de novo those matters to which any party has timely and specifically objected." *See* 28 U.S.C. § 157(c).

Judicial Estoppel

Defendant next asserts that the common law doctrine of judicial estoppel bars Plaintiffs from pursuing their attack on the validity of the lien. Defendant asserts that this prohibition arises because Plaintiffs failed to list the cause of action as an asset in their schedules, the Court relied on this statement, and Plaintiffs are now attempting to assert this previously undisclosed claim. Defendant cites to *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999) as support that Plaintiffs are prohibited from prosecuting this previously undisclosed claim, one that they cannot show was inadvertently not disclosed. Defendant asserts Plaintiffs did not list this cause of action as an asset in Schedule B for personal property, although they filed this adversary proceeding ten days after filing their bankruptcy case, thus, they were certainly aware of it at the time of filing of the petition. Defendant asserts the Court relied on statements made in this schedule, as well as in the Plaintiff Trustee's motion to employ special counsel to pursue this adversary proceeding in which counsel for Plaintiff Debtors asserted he would pursue relief for both the Trustee and for the Debtors, all who had separate and distinct claims. Defendant asserts no such distinct claims were listed on Schedule B. As the final required fact, Defendant asserts that by prosecuting the claim brought in this adversary proceeding, Plaintiffs are pursuing a previously undisclosed claim.

Plaintiffs counter that they disclosed a claim for an "equity loan violation" along with their listing of the debt owed to AMC Mortgage Services on Schedule D, eliminating a ground for judicial

11

estoppel. Also, the fact that their counsel disclosed in the Trustee's motion to employ special counsel that all Plaintiffs held separate, distinct claims against Defendant supports their assertion that this cause of action was not concealed. Defendant does not present further argument for this dismissal ground in its reply.

In a bankruptcy case, debtors have a duty to file accurate and complete schedules and a statement of financial affairs, such documents are sworn to under oath as to the truth of the information contained therein and carry the penalty of perjury. This duty is placed upon debtors by 11 U.S.C. § 521, requiring debtors to file accurate schedules of assets and liabilities as of the date of the filing of their bankruptcy case and answer all questions contained in the statement of financial affairs. 11 U.S.C. § 521; Bankruptcy Rule 1007. Further, pursuant to Bankruptcy Rule 1007, debtors are to supplement those schedules as new information arises. A debtor's schedules and statement of financial affairs are all signed under oath and penalty of perjury. *See **In re Armstrong***, 320 B.R. 97, 107 (Bankr. N.D. Tex. 2005); ***In re Solomon***, 277 B.R. 706, 710 (Bankr. E.D. Tex 2002). This duty of disclosure includes the disclosure of pending suits or grounds for potential suits:

> "The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action." "'The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a "known" cause of action such that it must be disclosed.'" "Any claim with potential must be disclosed, even if it is 'contingent, dependent, or conditional.'"

***Browning Mfg. v. Mims (In re Coastal Plains, Inc.)***, 179 F.3d 197, 208 (5th Cir. 1999) (citations omitted).

Judicial estoppel is a common law doctrine intended to protect the judicial process by preventing parties from taking conflicting positions in litigation. *See **In re Superior Crewboats***, 374 F.3d 330, 334 (5th Cir. 2004) (appellate court prevented chapter 7 debtors from pursuing personal injury claim that was not listed in the schedules but about which the trustee had been informed and then abandoned to the debtors because to permit debtors the ability to pursue the claim might allow them to collect a windfall at the expense of their creditors), ***In re Coastal Plains, Inc.***, 179 F.3d at 213-15 (all claims brought against an unsecured creditor by the bankruptcy debtor's successor were barred by judicial estoppel except for tortious interference claim brought in fifth amended complaint

12

because that claim did not relate back to the original complaint but was based on a different transaction than the earlier claims), and *Kane*, 535 F.3d at 385-88 (chapter 7 debtors failed to list personal injury suit pending in state court, received a discharge and case was closed, defendants removed suit to federal court and successfully moved for summary judgment based on judicial estoppel; appellate court reversed prohibition based on judicial estoppel, noting that equity favored allowing the trustee to pursue the claim for the benefit of all creditors and remanded for determination of trustee's motion to substitute as party plaintiff).   These cases repeat the requirements that must be met for judicial estoppel to apply:

> (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent."  In the context of judicial estoppel, "inadvertence" requires either that "the debtor . . . lacks knowledge of the undisclosed claim[ ] or has no motive for [its] concealment."  In this circuit, we have applied judicial estoppel to bar an unscheduled claim when others, the debtors or other insiders, would benefit to the detriment of creditors if the claim were permitted to proceed.

*Kane,* 535 F.3d at 386 (quoting *Superior Crewboats, Inc.*, 374 F.3d at 335 and *Coastal Plains*, 179 F.3d at 206-09).

In Texas, *Superior Crewboats* and *Coastal Plains* have been followed by other courts. *See Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir 2005) (Employee was judicially estopped from asserting Title VII claims pending at time she filed bankruptcy petition, as well as claims filed while bankruptcy was pending, because she failed to disclose her pending EEOC charge and potential lawsuit during the bankruptcy proceedings.); *In re Walker*, 323 B.R. 188 (Bankr. S.D. Tex. 2005) (The debtor was denied ability to reopen case to schedule, as an estate asset, her prepetition personal injury claim, because her later pursuit of this claim made nondisclosure not inadvertent; this ruling deprived trustee of ability to review an asset that might generate cash for distribution to creditors but might also be abandoned for the benefit of the non-disclosing debtor.). Additionally, detrimental reliance is not an element of judicial estoppel.  "'Because the doctrine is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary.'" *Jethroe*, 412 F.3d at 600 (quoting *Coastal Plains*, 179 F.3d at 205).

13

Defendant's argument focuses on Plaintiffs' failure to list and disclose their Texas home equity loan violation as a personal property asset in Schedule B, which would be the correct schedule in which to list this asset. However, in their schedules filed with their petition on September 3, 2007, specifically in Schedule D for creditors holding secured claims, Plaintiffs included a notation with the listing of the debt owed to AMC Mortgage Services related to the 136 Champions Circle property in Wimberley, Texas of "equity loan violation." Then, shortly after the bankruptcy case was filed, this adversary proceeding was filed. The claim cannot be said to be hidden by Plaintiffs. The listing of the cause of action on Schedule D was not the best practice, as opposed to properly being on Schedule B, but this error did not totally hide the claim or be sufficient to show a prior inconsistent position regarding whether this claim exists. Plaintiffs could amend their schedules to include the cause of action on Schedule B to properly list this asset. Any doubt regarding what the listing meant in Schedule D was erased by this adversary proceeding being filed shortly after the petition and schedules were filed.

Defendant asserts that in the process of reviewing and approving the application to employ, the Court also reviewed and relied upon incorrect schedules– incorrect in that the cause of action was not properly disclosed–and that this reliance on the omission in the schedules judicially estops Plaintiffs from pursing this suit. This makes no sense - the application to employ acknowledges separate claim are held by the estate and by Plaintiffs and does, although not perfectly, disclose the existence of the claim. Defendant's argument would be stronger, and closer to situations which have barred suit based upon judicial estoppel, if Plaintiffs had brought their home equity violation claim in another forum and not disclosed this fact in their bankruptcy case. *See **Jethroe v. Omnova Solutions, Inc.**,* 412 F.3d at 600 ("Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset.").

<u>Lack of Standing</u>

As a final argument, Defendant asserts Plaintiffs lack standing because they are pursuing a prosecution which cannot end in a judgment which will redress their injury. Defendant asserts it is not the lienholder for the lien at issue, thus a judgment in Plaintiffs' favor against Defendant will not

14

provide redress for Plaintiffs' alleged injury.

Plaintiffs respond that the Texas Constitution allows for a claim to be made against Defendant through the language of Section 50(a)(6)(Q)(x) that forfeiture can be against "the lender or any holder of the note for the extension of credit," citing to Texas Constitution Art. 16, Sec. 50(a)(6)(Q)(x).  In its reply, Defendant argues that a judgment against it is without meaning because Defendant cannot void the lien at issue because on November 16, 2006, the lien was assigned to Deutsche Bank National Trust Company, As Trustee of Argent Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2006-W4, Under the Pooling and Servicing Agreement Dated as of April 1, 2006, Without Recourse ("Deutsche Bank").  Deutsche Bank is not a party to this suit.  Defendant asserts the lien held by Deutsche Bank cannot be held void without giving Deutsche Bank notice and an opportunity to defend.

This Court disagrees that Plaintiffs' lack standing.  Defendant suggests that the lienholder - Deutsche Bank - must be joined before the Court can make a determination as to Defendant Argent's liability, if any.  Defendant Argent is correct that the Court should not make a finding on the invalidity of the lien without Deutsche Bank being a party.  However, Plaintiffs have a claim against Defendant Argent for violations that allegedly occurred in the making of the loan under the Texas Home Equity statute.  The Texas Constitution provides for suit to be against the lender or holder of the note.  Defendant was the lender.  If Plaintiffs can successfully prosecute this claim, Defendant Argent may be liable to Plaintiffs for non-compliance with the Texas Constitution provisions governing home equity loans.

In accordance with the foregoing, it is therefore

ORDERED that Defendant Argent Mortgage Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction And/or Based on Judicial Estoppel; and in the Alternative, Motion to Dismiss for Lack of Standing filed May 27, 2008 (Doc. # 33) is denied.

###

15